USCA1 Opinion

 

 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 ____________________

No. 97-2222

 UNITED STATES,

 Appellee,

 v.

 LILLIAN E. DELACRUZ, A/K/A LONNIE DELACRUZ,

 Defendant, Appellant.

 ____________________

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MAINE

 [Hon. Gene Carter, U.S. District Judge]

 ____________________

 Before

 Torruella, Chief Judge,
 Selya and Stahl, Circuit Judges.

 ____________________

 John D. Pelletier and Goodspeed & O'Donnell on brief for appellant.
 Jay P. McCloskey, United States Attorney, Margaret D. McGaughey and
Jonathan A. Toof, Assistant United States Attorneys, on brief for
appellee.

 ____________________

 April 21, 1998
 ____________________

 Per Curiam. Upon careful review of the briefs and record,
 we conclude that the district court applied the proper standard
 in determining that defendant was not entitled to a downward
 departure for aberrant behavior. See United States v.
 Grandmaison, 77 F.3d 555, 560-61 (1st Cir. 1996). We base this
 conclusion on the record and ruling as a whole; we will not
 take parts of the district court's comments out of context. 
 Further, in the circumstances that defendant committed the
 offense conduct repeatedly during an extended drug trafficking
 enterprise, the district court's discretionary denial of the
 departure is not subject to further appellate scrutiny. Seeid. at 561.
 We also perceive no clear error in the determination that
 defendant, who received a 2-level adjustment for her "minor"
 role in the offense, was not entitled to an additional
 adjustment for "minimal" participation. See U.S.S.G. 
 3B1.2(a). On the admitted facts here, we cannot say as a
 matter of law that defendant's repeated conduct was merely
 "minimal," as opposed to "minor." See United States v. Cruz,
 120 F.3d 1, 3 (1st Cir. 1997) (en banc); United States v.
 Graciani, 61 F.3d 70, 75 (1st Cir. 1995) (explaining that,
 "absent a mistake of law, battles over a defendant's status .
 . . will almost always be won or lost in the district court").
 Affirmed. See 1st Cir. Loc. R. 27.1.
 - Dissenting opinion follows -
 Torruella, Chief Judge, dissenting in part. I dissent as
 to the adjustment for defendant's role in the offense. In my
 view, the district court clearly erred in finding that
 defendant was not entitled to a 4-level adjustment under
 U.S.S.G. 3B1.2(a) for her "minimal" role. The pre-sentence
 report described defendant's involvement as follows:
 The defendant readily admitted her
 involvement in the offense. She explained
 that she first learned of her husband's
 drug dealing when he handed her the
 telephone and asked her to translate for
 him. When she realized what he had asked
 her to do, she reportedly argued with him. 
 She stated that while she knew her husband
 was dealing drugs, she wanted no part of
 it and did not knowingly allow drugs in
 her home. She stated that she insisted
 that he not bring drug purchasers to their
 apartment. She described her role as only
 that of a translator for her husband
 because his English was not very good. 
 She estimated that she acted in this
 capacity on about 10 occasions over the
 course of two to three years. She added
 that she did not want to be involved but
 felt somewhat pressured to translate for
 her husband as he would get frustrated and
 yell at her to take the phone from him
 while he was discussing drug deals on the
 phone. She asserted that she never made
 any trips with him to sell the drugs and
 was never given any money by him for her
 role. The defendant also points out that
 she promptly notified the authorities when
 her husband absconded and that she
 encouraged her mother to assist in efforts
 to locate him.
 Accordingly, I would reverse and remand for resentencing.